# United States District Court
## for the Northern District of Oklahoma

Case No. 24-cv-411-JDR-MTS

RYAN K. SMITH,

*Plaintiff*,

*versus*

CHUCK JORDAN, WENDELL FRANKLIN, DAVE BEEN, KIMBERLY
M. LEE, *and* DENNIS LARSEN, *in their individual capacities*,

*Defendants*.

## OPINION AND ORDER

Plaintiff Ryan K. Smith, a state prisoner appearing pro se, brings this federal civil rights action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Dkt. 23. Mr. Smith names Kimberly M. Lee, Chuck Jordan, Wendell Franklin, Dave Been and Dennis Larsen, in their individual capacities, as defendants. *Id.* at 11.[1] Defendants Lee, Jordan, Franklin, Been and Larsen moved to dismiss the amended complaint under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. Dkt. 31 at 1. Mr. Smith responded in opposition. Dkt. 32. For the following reasons, the motion to dismiss [Dkt. 31] is granted.

I

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] The Court's citations refer to the CM/ECF header pagination.

No. 24-cv-411

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555-56. While the Court construes a pro se litigant's pleadings liberally, this liberal construction, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1174-75 (10th Cir. 1997).

## II

Mr. Smith's claims arise from events that occurred after his conviction and sentences. Specifically, Mr. Smith faced numerous felony charges in Tulsa County Case No. CF-2010-2554 related to an armed robbery. *See* Tulsa County Case No. CF-2010-2554.[2] Mr. Smith pleaded guilty to multiple felony counts. *Id.* (August 16, 2011 Minute). Mr. Smith's Judgments and Sentences were entered September 29, 2011. *Id.* (September 29, 2011 Judgments and Sentences). Subsequently, Mr. Smith moved for postconviction (DNA) testing. *Id.* (May 5, 2023 Petitioner's First Motion for Post-Conviction (DNA) Testing). The State opposed the motion, responding that the evidence Mr. Smith sought to test had been destroyed. Dkt. 23 at 10; *see also* Dkt. 25-2 (copy of State's Response). A hearing was held regarding Mr. Smith's motion for postconviction (DNA) testing. *See* Tulsa County Case No. CF-2010-2554

---

[2] The state court docket sheets for this case, and related appellate cases, are available to the public through Oklahoma State Courts Network (oscn.net). "Federal courts may take judicial notice of state court docket sheets, and proceedings in other courts that have direct relation to matters in issue." *Davis v. Morgan*, Case No. 21-CV-411-GKF-JFJ, 2021 WL 6298321, at *1, n.2 (N.D. Okla. Sep. 27, 2021) (unpublished) (citing *Stack v. McCotter*, 79 F. App'x. 383, 391 (10th Cir. 2003), and *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

No. 24-cv-411

(September 18, 2023 Minute). The district court denied Mr. Smith's motion, finding Mr. Smith could not demonstrate a reasonable probability he would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution and the evidence Mr. Smith sought to have tested no longer existed. *See* Okla. Crim. App. Case No. PC-2023-953 ( January 24, 2024 Order Affirming Denial of Motion for Post-Conviction DNA Testing); *see also* Okla. Stat. tit. 22, §§ 1373.4(A)(1), (3). The Oklahoma Court of Criminal Appeals affirmed the district court's ruling. *See* Okla. Crim. App. Case No. PC-2023-953 ( January 24, 2024 Order Affirming Denial of Motion for Post-Conviction DNA Testing).

Mr. Smith alleges his DNA evidence was impermissibly destroyed because he was not provided with adequate notice prior to destruction, and he challenges the district court's failure to issue sanctions for the destruction of DNA evidence. *See* Dkt. 23.[3] Mr. Smith alleges his procedural due process rights were violated when his DNA evidence was destroyed without notice in violation of Okla. Stat. tit. 22, § 1372(C)(1)-(3). *See id.* at 3, 13-16. Mr. Smith seeks nominal damages, $10,000.00 in punitive damages against defendant Lee and $100,000.00 in punitive damages against defendants Jordan, Franklin, Been and Larsen. *Id.* at 21.

Defendants Been and Larsen contend the claims asserted against them should be dismissed because Mr. Smith failed to allege sufficient personal involvement. *See* Dkt. 31 at 6-7. Defendants Jordan, Franklin, Been, Lee and Larsen argue they are entitled to qualified immunity necessitating dismissal of the claims asserted against them. *See id.* at 9-12.

---

[3] The Court already dismissed Mr. Smith's claim that the postconviction DNA statute is unconstitutional for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Dkt. 28 at 8.

No. 24-cv-411

### III

To state a procedural due process claim, Mr. Smith must allege facts showing (1) a protected liberty interest, and (2) defendants' failure to afford him the appropriate level of process before depriving him of that interest. *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019).[4] Mr. Smith plausibly alleges that the postconviction DNA statute creates a liberty interest in access to his DNA evidence. Dkt. 23 at 15-16; *see also Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009) (acknowledging plaintiff had "a liberty interest in demonstrating his innocence with new evidence under state law."); *Huey v. Kunzweiler*, No. 20-cv-021-CVE, 2020 WL 1325359, at *6 (N.D. Okla. Mar. 20, 2020) (unpublished)[5] (concluding plaintiff plausibly alleged the Oklahoma postconviction DNA statute created a liberty interest in access to DNA evidence), *aff'd*, 847 F. App'x 530 (10th Cir. 2021); *see also Pickens v. Kunzweiler*, 2016 WL 1651821, at *4 (N.D. Okla. Apr. 25, 2016) (unpublished). The Court must next determine if Mr. Smith sufficiently alleges defendants' failure to afford him the appropriate level of process before depriving him of that liberty interest. *See Al-Turki*, 925 F.3d at 614.

### A

Mr. Smith did not sufficiently plead factual allegations that defendants Dave Been and Dennis Larsen failed to afford him the appropriate level of process. "In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Mr. Smith must "identify specific actions taken by particular defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd.*

---

[4] "A constitutionally protected liberty or property interest may be a creation of federal law (including the Constitution itself—at least for liberty interests) or of state law." *Al-Turki*, 926 F.3d at 614.

[5] The Court cites all unpublished decisions for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

No. 24-cv-411

*of Regents*, 159 F.3d 504, 532 (10th Cir. 2011)). Mr. Smith's amended complaint does not allege any action taken by Mr. Been or Mr. Larsen with respect to the notice and/or destruction of Mr. Smith's DNA evidence. Mr. Smith simply alleges Mr. Been "was aware of the poor conditions of the (TPD) property room [and] he could have created procedures to prohibit the lost and/or destruction of the plaintiff DNA biological material evidence in the future. But failed to correct the (TPD) procedures." Dkt. 23 at 11. Mr. Smith's allegation relating to Mr. Larsen is identical. *Id.* These allegations do not establish specific actions taken by Mr. Been or Mr. Larsen with respect to Mr. Smith's DNA.

To the extent Mr. Smith's procedural due process claim against Mr. Been and Mr. Larsen is premised upon a theory of supervisory liability, Mr. Smith must show that (i) Mr. Been and Mr. Larsen promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation. *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). Mr. Smith does not identify a policy that caused the due process violation, let alone one that was created by Mr. Been or Mr. Larsen or that they possessed responsibility for its continued operation. Therefore, Mr. Smith does not state a procedural due process violation against Mr. Been or Mr. Larsen in their individual capacities.

### B

The TPD defendants argue they are entitled to qualified immunity. Dkt. 31 at 8-12. Qualified immunity "shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *Turner v. Okla. Cnty. Bd. of Cnty. Comm'rs.*, 804 F. App'x 921, 925 (10th Cir. 2020) (citation omitted). When a defendant raises a qualified immunity defense in a motion to dismiss, the court employs a two-part test to determine whether the plaintiff (1) plausibly pleaded that the defendant violated a

No. 24-cv-411

constitutional right, and (2) shows that the constitutional right was clearly established at the time of the defendant's alleged misconduct. *Id.* at 925.

1

Under the first step of the qualified immunity test, Mr. Smith alleges the TPD defendants failed to follow the procedure required by Oklahoma statute. Dkt. 23 at 17 ("The destruction of biological evidence was done by the Tulsa Police Department in violation of § 1372 et seq."). The Oklahoma DNA Forensic Testing Act provides:

> The criminal justice agency in possession or custody of biological evidence may destroy or otherwise dispose of the biological evidence before the expiration of the period of time described in subsection A[6] only if:
>
> 1. The agency notifies any person who remains incarcerated in connection with the case, the Oklahoma Indigent Defense System DNA Forensic Testing Program if still applicable, and any counsel of record or public defender organization for the judicial district in which the judgment of conviction for such person was entered, of:
>
>> a. the intention of the agency to destroy the evidence, and
>>
>> b. the provisions of the DNA Forensic Testing Act, if still applicable[.]

Okla. Stat. tit. 22, § 1372(C)(1). "A failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause." *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1256 (10th Cir. 1998) (internal quotations and citations omitted). Accordingly, the TPD defendants' alleged failure to follow Okla. Stat.

---

[6] Subsection A defines the period as "such period of time as any individual convicted of that crime remains incarcerated." Okla. Stat. tit. 22, § 1372(A).

No. 24-cv-411

tit. 22, § 1372(C)(1) alone is not determinative. The Court will consider whether the alleged procedure followed was sufficient to afford Mr. Smith due process.

The Due Process Clause requires "at a minimum … that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). "As for the second step,[7] ordinarily one who has a protected property interest is entitled to some sort of hearing before the government acts to impair that interest[.]" *Camuglia v. The City of Albuquerque*, 448 F.3d 1214, 1220 (10th Cir. 2006). "The right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane*, 339 U.S. at 314. "An elementary and fundamental requirement of due process . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*; *see also Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (applying *Mullane's* "reasonably calculated under all the circumstances" principle to notice of cash forfeiture provided to federal prisoner).

Liberally construing the amended complaint, Mr. Smith alleges he did not receive any notice of the proposed destruction of his DNA evidence. Dkt. 23 at 16 ("no one has notified the plaintiff that this biological material evidence would be destroyed[.]"). Mr. Smith alleges the TPD defendants gave notice of the proposed destruction of evidence, including Mr. Smith's DNA evidence relevant to the crimes he was convicted, by mailing notice to "known owners," and posting notice at the Tulsa Police Divisions: Riverside,

---

[7] The second step is whether the defendants afforded Mr. Smith the appropriate level of process before depriving him of a liberty interest. *Al-Turki*, 926 F.3d at 614.

No. 24-cv-411

Gilcrease and Mingo Valley. *Id.* at 23, 27.[8] The TPD defendants also pub-
lished notice. *Id.* at 26, 30, 37. Mr. Smith is not identified in any of these filings
as a "known owner." *See id.* at 16 ("None of those names are the plain-
tiff[.]"), 17 ("[A]nd in those names the plaintiff does not appear."), 23, 26,
27, 30, 37. These events occurred in 2014 and 2022. *See id.* Mr. Smith has
been incarcerated since at least 2011. *See* Tulsa County Case No. CF-2010-
2554 (September 27, 2011 Guilty Plea). Mr. Smith learned of the destruction
of his DNA evidence when he filed his 2023 motion for post-conviction
(DNA) testing. *See* Dkt. 23 at 10.

Construing the allegations in the light most favorable to Mr. Smith, the
Court finds them sufficient to plausibly allege that the TPD defendants failed
to afford him the appropriate level of process before destroying his DNA evi-
dence. He did not receive any notice via mail. And the published and posted
notices were not "reasonably calculated under all the circumstances" to put
Mr. Smith on notice of the pending destruction of the DNA evidence. *See*
*Mullane*, 339 U.S. at 314; *see also McKee v. Heggy*, 703 F.2d 479, 482 (10th Cir.
1983) (posted public notice and letter to third party was not reasonably cal-
culated to provide detained individual notice of vehicle's impending sale).
Under the circumstances alleged, Mr. Smith plausibly alleges the TPD de-
fendants violated a constitutional right.

2

"A plaintiff may show clearly established law by pointing to either a
Supreme Court or Tenth Circuit decision, or the weight of authority from
other courts, existing at the time of the alleged violation." *Knopf v. Williams*,
884 F.3d 939, 944 (10th Cir. 2018) (citation omitted). The law is not clearly

---

[8] The Court considers the exhibits attached to Mr. Smith's amended complaint be-
cause, "courts must consider the complaint in its entirety, as well as other sources courts
ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, docu-
ments incorporated into the complaint by reference, and matters of which a court may take
judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

No. 24-cv-411

established unless existing precedent has "placed the statutory or constitutional question beyond debate." *Id.* (citation omitted). This is an objective test. *Brown*, 662 F.3d at 1164.

*Elwell v. Byers,* 699 F.3d 1208 (10th Cir. 2012), is instructive. In *Elwell,* the Tenth Circuit held pre-adoptive foster parents possessed a protected liberty interest in their relationship with their foster child. *Id.* at 1215-17. The Tenth Circuit further concluded that the foster parents were deprived of that interest without sufficient process when the foster child was removed from their home without notice. *Id.* at 1217-18. But the defendants were entitled to qualified immunity because no court had answered the precise question presented. *Id.* at 1218-19.

Like *Elwell*, the Court concludes that Mr. Smith possessed a protected liberty interest in access to evidence preserved for postconviction DNA testing and was not provided sufficient process before that evidence was destroyed. But Mr. Smith does not point to any Supreme Court or Tenth Circuit decision establishing that post-conviction destruction of evidence without adequate notice is a due process violation. *See* Dkts. 23 and 32. Some courts have addressed this question in the context of 28 U.S.C. § 2254 and have concluded that "the Supreme Court has not clearly established that post-conviction destruction is a due process violation[.]" *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (affirming the district court's conclusion that "because the Supreme Court has not clearly established that post-conviction destruction is a due process violation, the petitioner's claim in this regard was not cognizable on federal habeas review."), *see also Ferguson v. Roper*, 400 F.3d 635, 638 (8th Cir. 2005) (addressing habeas petitioner's claim that state destroyed exculpatory evidence during state postconviction proceedings and

No. 24-cv-411

noting that *Arizona v. Youngblood*, 488 U.S. 51 (1988),[9] "does not apply to evidence lost or destroyed until after trial"), *cert. denied*, 546 U.S. 1098 (2006).

The Court has located one Tenth Circuit decision addressing post-conviction destruction of evidence. *See McCarty v. Gilchrist*, 646 F.3d 1281 (10th Cir. 2011). McCarty brought a section 1983 action asserting a malicious prosecution claim, among others. *Id.* at 1282. McCarty argued that intentional destruction of potentially exculpatory evidence constituted malicious prosecution. *See id.* at 1287-88. In the context of the malicious prosecution claim, the Tenth Circuit noted that "[b]ecause the parties agree that [defendant's post-conviction] actions in 2000 violated McCarty's constitutional rights, we assume that the *Youngblood* decision, which addressed a defendant's due process rights in the preconviction context, applies equally to a defendant's due process rights in the postconviction context." *Id.* at n.3. This decision does not clearly establish that *Youngblood* applies in every postconviction setting.

This Court has not identified a Supreme Court or Tenth Circuit decision on point. Nor can the Oklahoma DNA Forensic Testing Act render the constitutional violation to be clearly established. *See Elwell*, 699 F.3d at 1218-19. Accordingly, Mr. Smith has not shown the constitutional right in question was clearly established at the time of the TPD defendants' alleged conduct. Therefore, the TPD defendants are entitled to qualified immunity as to Mr. Smith's procedural due process claim.

IV

Finally, Mr. Smith appears to assert a claim challenging the district court's decision not to issue sanctions for the alleged improper destruction of the evidence. *See* Dkt. 23 at 13-14. The Court understands this claim as a request for this Court to review and overturn a state court decision. This

---

[9] *Youngblood* held that the intentional, pre-trial destruction of potentially exculpatory evidence by law enforcement is a due process violation. *Youngblood*, 488 U.S. at 58.

No. 24-cv-411

claim must be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 789 (10th Cir. 2008) ("[A] complaint filed in federal district court that seeks review and reversal of a state-court judgment is properly dismissed under *Rooker-Feldman*.").

## V

Having addressed and dismissed Mr. Smith's claims, the Court denies as moot Mr. Smith's motion to certify a question of law to the Oklahoma State Supreme Court [Dkt. 13] and motion for appointment of counsel [Dkt. 33].

## VI

IT IS THEREFORE ORDERED that defendants Kimberly M. Lee, Chuck Jordan, Wendell Franklin, Dave Been and Dennis Larsen's motion to dismiss [Dkt. 31] is granted. Mr. Smith's amended complaint [Dkt. 23)] is dismissed without prejudice as to all claims asserted against defendants Kimberly M. Lee, Chuck Jordan, Wendell Franklin, Dave Been and Dennis Larsen, for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P 12(b)(6), and defendants Kimberly M. Lee, Chuck Jordan, Wendell Franklin, Dave Been and Dennis Larsen shall be terminated as party defendants.

IT IS FURTHER ORDERED that Mr. Smith's motion to certify a question of law to the Oklahoma State Supreme Court [Dkt. 13] and motion for appointment of counsel [Dkt. 33] are denied as moot.

IT IS FURTHER ORDERED that a separate judgment of dismissal shall be entered in favor of defendants and against plaintiff Ryan K. Smith.

No. 24-cv-411

DATED this 8th day of September 2025.

John D. Russell
*United States District Judge*